Derek S. Yee – Bar No. 137015
**LAW OFFICES OF DEREK S. YEE**
6464 Sunset Boulevard, Suite 1175
Los Angeles, California 90028
(323) 443-7888 – telephone
(323) 443-7889 – fax
derekyee@dsylaw.com - Email

Attorneys for Defendant
ASIS Fashion, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABRIC SELECTION, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ZULILY LLC, A Delaware limited liability company; et. al.<br><br>Defendants. | CASE NO. 2:17-cv-06102-CAS (FFMx)<br><br>**ANSWER TO FIRST AMENDED COMPLAINT OF DEFENDANT ASIS FASHION, INC.**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**Assigned to: Hon. Christina A. Snyder**<br>**Referred to: Hon. Frederick F. Mumm**<br><br>**COMPLAINT FILED:** 08/17/17<br>**FAC FILED:** 09/12/17 |

Defendant ASIS FASHION, INC. hereby answers the Frist Amended Complaint of Plaintiff FABRIC SELECTION, INC. ("FABRIC SELECTION") as follows:

1.   Answering Paragraph 1, this Answering Defendant lacks sufficient knowledge or information regarding the truth or falsity of the allegations thereof and, on that basis, deny them.

2.   Answering Paragraph 2, this Answering Defendant lacks sufficient knowledge or information regarding the truth or falsity of the allegations thereof and, on that basis, deny them.

3. Answering Paragraph 3, this Answering Defendant lacks sufficient knowledge or information regarding the truth or falsity of the allegations thereof and, on that basis, deny them.

4. Answering Paragraph 4, this Answering Defendant lacks sufficient knowledge or information regarding the truth or falsity of the allegations thereof and, on that basis, deny them.

5. Answering Paragraph 5, this Answering Defendant lacks sufficient knowledge or information regarding the truth or falsity of the allegations thereof and, on that basis, deny them.

6. Answering Paragraph 6, this Answering Defendant lacks sufficient knowledge or information regarding the truth or falsity of the allegations thereof and, on that basis, deny them.

7. Answering Paragraph 7, this Answering Defendant Admits the allegations.

8. Answering Paragraph 8, this Answering Defendant lacks sufficient knowledge or information regarding the truth or falsity of the allegations thereof and, on that basis, deny them.

9. Answering Paragraph 9, this is not a factual allegation and therefore no response is necessary.

10. Answering Paragraph 10, this Answering Defendant lacks sufficient knowledge or information regarding the truth or falsity of the allegations thereof and, on that basis, deny them.

11. Answering Paragraph 11, this Answering Defendant lacks sufficient knowledge or information regarding the truth or falsity of the allegations thereof and, on that basis, deny them.

12. Answering Paragraph 12, this Answering Defendant lacks sufficient knowledge or information regarding the truth or falsity of the allegations thereof and, on that basis, deny them.

13. Answering Paragraph 13, this Answering Defendant lacks sufficient knowledge or information regarding the truth or falsity of the allegations thereof and, on that basis, deny them.

14. Answering Paragraph 14, this Answering Defendant lacks sufficient knowledge or information regarding the truth or falsity of the allegations thereof and, on that basis, deny them.

15. Answering Paragraph 15, this Answering Defendant lacks sufficient knowledge or information regarding the truth or falsity of the allegations thereof and, on that basis, deny them.

16. Answering Paragraph 16, this Answering Defendant lacks sufficient knowledge or information regarding the truth or falsity of the allegations thereof and, on that basis, deny them.

17. Answering Paragraph 17, this Answering Defendant lacks sufficient knowledge or information regarding the truth or falsity of the allegations thereof and, on that basis, deny them.

18. Answering Paragraph 18, this Answering Defendant lacks sufficient knowledge or information regarding the truth or falsity of the allegations thereof and, on that basis, deny them.

19. Answering Paragraph 19, this Answering Defendant lacks sufficient knowledge or information regarding the truth or falsity of the allegations thereof and, on that basis, deny them.

20. Answering Paragraph 20, this is not a factual allegation and therefore no response is necessary.

21. Answering Paragraph 21, this is not a factual allegation and therefore no response is necessary.

22. Answering Paragraph 22, this Answering Defendant denies the allegations.

23. Answering Paragraph 23, this Answering Defendant denies the allegations.

24. Answering Paragraph 24, this Answering Defendant denies the allegations.

25. Answering Paragraph 25, this Answering Defendant denies the allegations.

26. Answering Paragraph 26, this Answering Defendant denies the allegations.

27. Answering Paragraph 27, this Answering Defendant denies the allegations.

28. Answering Paragraph 28, this Answering Defendant lacks sufficient knowledge or information regarding the truth or falsity of the allegations thereof and, on that basis, deny them.

29. Answering Paragraph 29, this Answering Defendant denies the allegations.

30. Answering Paragraph 30, this Answering Defendant denies the allegations.

31. Answering Paragraph 31, this Answering Defendant denies the allegations.

32. Answering Paragraph 32, this Answering Defendant denies the allegations.

33. Answering Paragraph 33, this Answering Defendant denies the allegations.

34. Answering Paragraph 34, this Answering Defendant denies the allegations.

35. Answering Paragraph 35, this is not a factual allegation and therefore no response is necessary.

36. Answering Paragraph 36, this Answering Defendant denies the allegations.

37. Answering Paragraph 37, this Answering Defendant denies the allegations.

38. Answering Paragraph 38, this Answering Defendant denies the allegations.

39. Answering Paragraph 39, this Answering Defendant denies the allegations.

40. Answering Paragraph 40, this Answering Defendant denies the allegations.

41. Answering Paragraph 41, this Answering Defendant denies the allegations.

42. Answering Paragraph 42, this Answering Defendant denies the allegations.

43. Answering Paragraph 43, this Answering Defendant denies the allegations.

## AFFIRMATIVE DEFENSES

On information and belief, this Answering Defendant asserts the following Affirmative Defenses. This Answering Defendant reserves the right to supplement its Affirmative Defenses in the future:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Cause of Action)

1. Defendant alleges that the Complaint does not state facts sufficient to constitute a cause of action against this Answering Defendant.

### SECOND AFFIRMATIVE DEFENSE
(Lack of Standing)

2. Defendant alleges that plaintiff is: barred from obtaining any relief under its First Amended Complaint, or any of the claims for relief alleged therein, because Plaintiff

lacks standing because, among other things, Plaintiff is not the owner and/or author of the design.

### THIRD AFFIRMATIVE DEFENSE
### (Fair Use)

3. Defendant alleges that the First Amended Complaint is barred, in whole or in part under the doctrine of fair use.

### FOURTH AFFIRMATIVE DEFENSE
### (Independent Creation)

4. Defendant alleges that the First Amended Complaint, and each claim for relief therein, is barred, in whole or in part, under the doctrine of independent creation.

### FIFTH AFFIRMATIVE DEFENSE
### (Innocent Intent)

5. If Defendant is found to have infringed on any copyright interest held by Plaintiff, which Defendant denies, Defendant did so with innocent intent.

### SIXTH AFFIRMATIVE DEFENSE
### (Good Faith)

6. Defendant alleges that Plaintiff is barred from obtaining any relief under its First Amended Complaint or any of the claims for relief therein, as Defendant, denying any alleged infringement, acted in good faith, pursuant to personal assurances and promises from third parties without an intent to infringe.

### SEVENTH AFFIRMATIVE DEFENSE
### (Comparative Fault, Damages Caused by Third Parties)

7. Defendant alleges that the damages alleged in the First Amended Complaint, if any, were caused wholly or in part by the acts or omissions of persons, firms, corporations and/or entities other than Defendant. Therefore, Plaintiff's recovery, if any, should be precluded or diminished in direct proportion to the comparative fault attributable to those persons, firms, corporations and/or entities other than Defendants,

whose acts or omissions proximately caused or contributed to the damages alleged in the First Amended Complaint.

### EIGHTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

8.  Defendant alleges that the First Amended Complaint is barred under the doctrine of unclean hands.

### NINTH AFFIRMATIVE DEFENSE
### (Laches and Acquiescence)

9.  Defendant alleges that the Complaint is barred under the doctrine of laches and acquiescence.

### TENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

10. Defendant alleges that the Complaint and the action it is based upon, is barred by Section 507(b) of the Copyright Act of 1976.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Speculative Damages)

11. Defendant alleges that Plaintiff's damages are remote and speculative and are therefore barred.

### TWELFTH AFFIRMATIVE DEFENSE
### (Failure to Join Indispensable Parties)

12. Defendant alleges that Plaintiff has failed to join indispensable parties.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Indispensable Third Parties Had License)

13. Defendant Alleges that the First Amended Complaint, and each claim for relief therein, must fail on the grounds that indispensable third parties had an exclusive and/or nonexclusive licenses to use the purported work(s).

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Res Judicata and Collateral Estoppel)

14. Defendant alleges that Plaintiffs First Amended Complaint is barred by the doctrines of Res Judicata and/or Collateral Estoppel.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Unoriginal Artwork)

15. Defendant alleges that the artwork allegedly created by Plaintiff is not original.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Not Protectable)

16. Defendant alleges that the elements of the artwork that is the subject of this litigation are not protectable.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Elements of Copyrights Not Protectable)

17. Defendant alleges that even assuming, arguendo, that the products sold by any of the Defendants, which Defendant denies any involvement with, contains any elements from Plaintiff's purported copyrights, those elements are not protectable under copyright law, do not constitute original expression, and/or the use of those elements is de minimis.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Invalid Copyright Registrations)

18. Defendant alleges that Plaintiff's purported copyright registrations are invalid insofar as they were procured improperly as registrations of collective works, and not all of the textile designs ostensibly covered by said registrations were first published as a unit, as is required for the registration of a collective work of textile designs. Defendant is informed and believes, and on that basis, alleges, that the First Amended Complaint and every purported claim for relief thereof, is barred (in whole or in part) because the registrations of the purported copyrights that Plaintiff asserts in this action are invalid, void, or enforceable. Among other things, a reasonable opportunity

for further investigation and discovery is likely to provide evidentiary support for one or more of the following:

(a) the registrations for the purported copyrights contain material that is not original and/or is not protectable as a matter of law;

(b) the registrations for the purported copyrights contain materials originally developed by persons or entities other than Plaintiff;

(c) the registrations for the purported copyrights contain materials in the public domain;

(d) the registrations for the purported copyrights show designs drawn to *"Scenes a Faire,"* that is, to designs that are ordinary, commonplace, or standard in the relevant art or industry; and/or

(e) the registrations for the purported copyrights show designs consisting of common shapes and the designs of the purportedly infringing products are not identical to Plaintiffs purported copyrighted works.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Unauthorized Derivative Works)

19. Defendant alleges that the design which forms the basis of Plaintiff's claims are unauthorized derivative works in which Plaintiff can own no valid copyright.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Fraud)

20. Defendant alleges upon information and belief that Plaintiff is barred from obtaining any relief due to its fraud, including but not limited to, committing fraud upon the Copyright Office.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Implied License)

21, Defendant alleges that Plaintiff's claims are barred to the extent that Plaintiff authorized manufacturer, distributors and/or retailers to make and sell fabric based on its designs which constitutes an implied license for the manufacturers to sell fabric to third parties.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

#### (Misuse)

22. Defendant alleges that Plaintiff's claims are barred (in whole or in part) by Plaintiff's misuse of the purported copyrights, and each of them

### TWENTY-THIRD AFFIRMATIVE DEFENSE

#### (Prior Use)

23. Defendant alleges that Plaintiff's claims are barred by prior use and/or registration.

### TWENTY-FORTH AFFIRMATIVE DEFENSE

#### (First Sale)

24. Defendant alleges that Plaintiff's claims are barred doctrine of first sale to the extent that the copyright designs at issue were lawfully produced with the authorization of the copyright owner.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate)

25. If any damages were suffered by Plaintiff, then Plaintiff failed to take reasonable steps in order to mitigate, lessen, reduce, and/or minimize said losses and damages.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

#### (Waiver)

26. Plaintiff's acts constitute a waiver of rights, if any, resulting from the alleged wrongful acts or omissions of this Answering Defendant.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

#### (No Infringement)

27. Plaintiff will not be able to make a showing of infringement by this Answering Defendant.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Bad Faith)

28. Plaintiff is barred by its bad faith actions from seeking the relief sought from this Answering Defendant.

## TWENTY-NINTH AFFIRMATIVE DEFENSE
### (No Proximate Cause)

29. If damages were suffered by Plaintiff, the damages were not proximately caused by the acts or omissions of this Answering Defendant, if any, and Plaintiff is therefore not entitled to the relief prayed for or any relief whatsoever from this Answering Defendant.

## THIRTIETH AFFIRMATIVE DEFENSE
### (No Inducement)

30. This Answering Defendant did not *"intentionally induced"* any other party to infringe on Plaintiff's copyrights.

## THIRTY-FIRST AFFIRMATIVE DEFENSE
### (No Involvement)

31. This Answering Defendant did not supply any infringing products to any party with knowledge that the party was mislabeling the particular product supplied.

## THIRTY-SECOND AFFIRMATIVE DEFENSE
### (No Control)

32. This Answering Defendant denies that it had direct control and monitoring of the instrumentality used by a third party to infringe the Plaintiff's copyrights.

## THIRTY-THIRD AFFIRMATIVE DEFENSE
### (No Contribution)

33. This Answering Defendant denies that it contributed to the infringement of Plaintiff's copyrights; and denies that it knowingly induced, participated in, aided in, or profited from the reproduction of any of Plaintiff's designs and/or import, advertisement or sale thereof.

## RIGHT TO ASSERT ADDITIONAL DEFENSES

Defendant reserves the right to raise additional affirmative defense as they may become known, or as they evolve during the litigation up to and including the date trial commences, and to amend this Answer accordingly.

**WHEREFORE**, Defendant ASIS FASHION, INC., prays as follows:

1. That Plaintiff takes nothing by its Complaint, and that the same be dismissed with prejudice;
2. For attorney's fees;
3. For costs of suit herein; and
4. For such other and further relief as the Court may deem proper.

DATED: November 1, 2017          Respectfully submitted,

LAW OFFICES OF DEREK S. YEE

*/s/ Derek S. Yee*

Derek S. Yee
Attorneys for Defendant
Asis Fashion, Inc.,

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Defendant ASIS FASHION. Demands a jury trial.

DATED: November 1, 2017

Respectfully submitted,

LAW OFFICES OF DEREK S. YEE

Derek S. Yee
Attorneys for Defendant
Asis Fashion, Inc.,

## PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA       )
                          ) ss.
COUNTY OF LOS ANGELES     )

I am employed in the County of Los Angeles, State of California.

I am over the age of 18 and not a party to the within action. My business address is 6464 Sunset Boulevard, Suite 1175, Los Angeles, California, 90028.

On November 1, 2017, I served the foregoing document described as **ANSWER TO FIRST AMENDED COMPLAINT OF DEFENDANT ASIS FASHION, INC.** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

### SEE THE ATTACHED LIST

[ ] **(BY MAIL)**  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

[X] **(BY EMAIL)**  Copies were emailed to the other parties at the email addresses stated on the ATTACHED LIST

[ ] **(BY PERSONAL SERVICE)**  I caused such envelope to be delivered **BY HAND** to the offices of the address above.

[ ] **(STATE)**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X] **(FEDERAL)**  I declare that I am employed in the office of a member of the bar of the court at whose direction the service was made.

Executed on November 1, 2017, at Los Angeles, California.

*Angela Lin*
Angela Lin

| | |
|---|---|
| 1 | ATTACHMENT TO PROOF OF SERVICE |
| 2 | Michael C. Baum |
| | RESCH POLSTER & BERGER LLP |
| 3 | 1840 Century Park East, 17th Floor |
| | Los Angeles, California 90067 |
| 4 | |
| | Morgan E. Pietz |
| 5 | GERARD FOX LAW, P.C. |
| | 1880 Century Park East, Suite 1410 |
| 6 | Los Angeles, California 90067 |