1  MICHAEL C. BAUM (SBN 65158)
   E-Mail: mbaum@rpblaw.com
2  ANDREW V. JABLON (SBN 199083)
   E-Mail: ajablon@rpblaw.com
3  STACEY N. KNOX (SBN 192966)
   E-Mail: sknox@rpblaw.com
4  RESCH POLSTER & BERGER LLP
   1840 Century Park East, 17th Floor
5  Los Angeles, California 90067
   Telephone: 310-277-8300
6  Facsimile: 310-552-3209

7  Attorneys for Plaintiff Fabric Selection, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FABRIC SELECTION, INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>ZULILY LLC, a Delaware limited liability company; BUY IN AMERICA, INC., a California corporation; MODERATO, INC., a California corporation; YANAGI TRADING, LLC, a Texas limited liability company; UMGEE, U.S.A., INC., a California corporation; ASIS FASHION, INC., a California corporation; and DOES 1 through 10, Inclusive,<br><br>　　　　Defendants. | Case No. 2:17-cv-06102-CAS (FFMx)<br><br>**STIPULATION RE FILING SECOND AMENDED COMPLAINT**<br><br>*Filed concurrently with Proposed Order Granting Stipulation re Filing Second Amended Complaint*<br><br>Judge:　　Hon. Christina A. Snyder<br><br>Trial Date:　November 27, 2018 |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

599903.1

1

## RECITALS

Plaintiff Fabric Selection, Inc. ("Plaintiff"), on the one hand, and defendants Zulily LLC, Buy In America, Inc., Moderato, Inc., and Umgee, U.S.A., Inc. ("Defendants"), on the other hand, by and through their counsel of record, hereby stipulate as follows:

WHEREAS, Plaintiff commenced this action on August 17, 2017, and filed its First Amended Complaint on September 12, 2017;

WHEREAS, Defendants filed answers to Plaintiff's First Amended Complaint dating from October 17, 2017, through December 6, 2017;

WHEREAS, Plaintiff initially named Asis Fashion, Inc. ("Asis") as a defendant in the action, but subsequently dismissed Asis as a defendant upon discovery that Asis had not, in fact, sold the allegedly infringing goods that are the subject of this litigation; and

WHEREAS, Plaintiff has since discovered that Firmiana Fashion, Inc. ("Firmiana"), in fact, sold the allegedly infringing goods that are the subject of this litigation, and should therefore be named as a defendant to the action; and

WHEREAS, the parties are in agreement that Plaintiff should be allowed to file the [Proposed] Second Amended Complaint that is attached hereto as Exhibit "A," which adds Firmiana as a defendant to the action.

## STIPULATION

IT IS HEREBY STIPULATED by and between the parties, through their respective counsel of record that, subject to this Court's approval:

1. Plaintiff shall be allowed to file the attached [Proposed] Second Amended Complaint, in accordance with Local Rule 15-1;

2. The previously named Defendants shall have 10 days from entry of any order granting the herein stipulation to file and serve their answers, if any, to the Second Amended Complaint; and

3. If the previously named Defendants do not elect to file an answer to the

599903.1

2

Second Amended Complaint, their answers to the First Amended Complaint shall be deemed their answers to the Second Amended Complaint.

DATED:  January 25, 2018          RESCH POLSTER & BERGER LLP

By: _____*/S/ Stacey N. Knox*_____
STACEY N. KNOX
Attorneys for Plaintiff Fabric Selection, Inc.

DATED:  January 25, 2018          GERARD FOX LAW, P.C.

By: _____*/S/ Morgan E. Pietz*_____
MORGAN E. PIETZ
Attorneys for Defendants
Zulily LLC and Buy in America, Inc.

DATED:  January 25, 2018          LAW OFFICES OF S. CALVIN MYUNG

By: _____*/S/ S. Calvin Myung*_____
S. CALVIN MYUNG
Attorneys for Defendants
Moderato, Inc. and Umgee U.S.A., Inc.

## SIGNATURE ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

DATED:  January 25, 2018          RESCH POLSTER & BERGER LLP

By: _____*/S/ Stacey N. Knox*_____
STACEY N. KNOX
Attorneys for Plaintiff Fabric Selection, Inc.

# EXHIBIT A

MICHAEL C. BAUM (SBN 65158)
E-Mail: mbaum@rpblaw.com
ANDREW V. JABLON (SBN 199083)
E-Mail: ajablon@rpblaw.com
STACEY N. KNOX (SBN 192966)
E-Mail: sknox@rpblaw.com
RESCH POLSTER & BERGER LLP
1840 Century Park East, 17th Floor
Los Angeles, California 90067
Telephone: 310-277-8300
Facsimile: 310-552-3209

Attorneys for Plaintiff
Fabric Selection, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABRIC SELECTION, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ZULILY LLC, a Delaware limited liability company; BUY IN AMERICA, INC., a California corporation; MODERATO, INC., a California corporation; YANAGI TRADING, LLC, a Texas limited liability company; UMGEE, U.S.A., INC., a California corporation; FIRMIANA FASHION, INC., a California corporation; and DOES 1 through 10, Inclusive,<br><br>Defendants. | Case No. 2:17-cv-06102-CAS (FFMx)<br><br>**[PROPOSED] SECOND AMENDED COMPLAINT FOR:**<br>**(1) COPYRIGHT INFRINGEMENT**<br>**(2) CONTRIBUTORY COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

/ / /
/ / /
/ / /
/ / /
/ / /

599838.1

1

Fabric Selection, Inc. ("**Plaintiff**" or "**Fabric Selection**"), as its Second Amended Complaint, hereby alleges as follows:

## PARTIES

1. Plaintiff Fabric Selection is a California corporation organized and existing under the laws of the State of California with its principal place of business located in Los Angeles County.

2. Plaintiff is informed and believes, and based thereon alleges, that defendant Zulily, LLC ("**Zulily**") is a limited liability company organized and existing under the laws of the State of Delaware, doing business nationwide, including in this judicial district. Plaintiff is further informed and believes that Zulily is a retailer which operates a website in the business of selling garments, apparel, and other goods to consumers nationwide.

3. Plaintiff is informed and believes, and based thereon alleges, that defendant Buy In America, Inc. ("**BIA**") is a corporation organized and existing under the laws of the State of California, doing business nationwide, including in this judicial district. Plaintiff is further informed and believes that BIA is a manufacturer, importer and/or wholesaler of apparel in the business of manufacturing and selling garments and apparel to retailers nationwide.

4. Plaintiff is informed and believes, and based thereon alleges, that defendant Moderato, Inc. ("**Moderato**") is a corporation organized and existing under the laws of the State of California, doing business nationwide, including in this judicial district. Plaintiff is further informed and believes that Moderato is a manufacturer, importer and/or wholesaler of apparel in the business of manufacturing and selling garments and apparel to retailers nationwide.

5. Plaintiff is informed and believes, and based thereon alleges, that defendant Yanagi Trading, LLC ("**Yanagi**") is a limited liability company organized and existing under the laws of the State of Texas, doing business nationwide, including in this judicial district. Plaintiff is further informed and believes that

Yanagi is a manufacturer, importer and/or wholesaler of apparel in the business of manufacturing and selling garments and apparel to retailers nationwide.

6. Plaintiff is informed and believes, and based thereon alleges, that defendant Umgee U.S.A., Inc. ("**Umgee**") is a corporation organized and existing under the laws of the State of California, doing business nationwide, including in this judicial district. Plaintiff is further informed and believes that Umgee is a manufacturer, importer and/or wholesaler of apparel in the business of manufacturing and selling garments and apparel to retailers nationwide.

7. Plaintiff is informed and believes that defendant Firmiana Fashion, Inc. ("**Firmiana**") is a corporation organized and existing under the laws of the State of California, doing business nationwide, including in this judicial district. Plaintiff is further informed and believes that Firmiana is a manufacturer, importer and/or wholesaler of apparel in the business of manufacturing and selling garments and apparel to retailers nationwide.

8. Plaintiff is informed and believes, and based thereon alleges, that defendants DOES 1 through 10, inclusive, have infringed Plaintiff's Copyrights, have contributed to infringement of Plaintiff's Copyrights, and/or engaged in one or more of the torts, breaches, and wrongful practices alleged herein. The true names of DOES 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

9. Hereinafter defendants Zulily, Buy In America, Moderato, Yanagi, Umgee, Firmiana, and DOES 1 through 10, inclusive, shall be referred to collectively as "**Defendants**."

## JURISDICTION AND VENUE

10. This action arises under the Copyright Act of 1976, Title 17 U.S.C. §101 *et seq*.

11. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and §1338(a).

12. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c).

## THE COPYRIGHTED DESIGNS

13. Fabric Selection is the author of, and copyright holder in, the original print design which it has internally designated as DU1142 ("**Design A**"). Attached hereto as Exhibit "1" is a true and correct copy of the relevant portion of Design A.

14. Fabric Selection is the author of, and copyright holder in, the original print design which it has internally designated as SE51106 ("**Design B**"). Attached hereto as Exhibit "2" is a true and correct copy of the relevant portion of Design B.

15. On or about November 11, 2015, Fabric Selection obtained a Certificate of Registration for Design A and Design B from the United States Copyright Office, bearing registration number VAu 1-234-154. Attached hereto as Exhibit "3" is a true and correct copy of the Certificate of Registration for Design A and Design B ("**Copyrighted Design A**" and "**Copyrighted Design B**").

16. Fabric Selection is the author of, and copyright holder in, the original print design which it has internally designated as SE40412 ("**Design C**"). Attached hereto as Exhibit "4" is a true and correct copy of Design C.

17. On or about April 19, 2014, Fabric Selection obtained a Certificate of Registration for Design C from the United States Copyright Office, bearing registration number VAu 1-164-835. Attached hereto as Exhibit "5" is a true and correct copy of the Certificate of Registration for Design C ("**Copyrighted Design C**").

18. Fabric Selection is the author of, and copyright holder in, the original print design which it has internally designated as SE51105 ("**Design D**"). Attached hereto as Exhibit "6" is a true and correct copy of the relevant portion of Design D.

19. On or about November 11, 2015, Fabric Selection obtained a Certificate of Registration for Design D from the United States Copyright Office,

bearing registration number VAu 1-234-154. Attached hereto as Exhibit "7" is a true and correct copy of the Certificate of Registration for Design D ("**Copyrighted Design D**").

20. Design A, Design B, Design C, and Design D are sometimes referred to herein, collectively, as the "**Designs**."

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement – Against All Defendants)

21. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 20 hereinabove, and incorporates them by reference as if fully set forth herein.

22. Within the last three years, Defendants have manufactured and/or sold fabric and/or garments upon which were unauthorized reproductions of the Copyrighted Designs (the "**Infringing Goods**").

23. Defendants have imported, caused to be imported, licensed, manufactured, sold, advertised for sale and/or otherwise offered for sale the Infringing Goods to customers, including retailers and consumers, throughout the United States, including within this judicial district.

24. Attached hereto as Exhibit "8," collectively, are true and correct copies of: (a) a photographic image of one of the garments manufactured and/or sold by Defendants containing an unauthorized reproduction of Design A; and (b) a close up of the design on said garment. For the Court's convenience, the following is a side-by-side comparison of Plaintiff's Design A and the design affixed to the subject garment bearing the unauthorized reproduction:

/ / /

/ / /

/ / /

/ / /

/ / /

|      **Design A**      |      **Garment**      |
| :--------------------: | :-------------------: |
|                        |   |

25. Attached hereto as Exhibit "9," collectively, are true and correct copies of: (a) a photographic image of one of the garments manufactured and/or sold by Defendants containing an unauthorized reproduction of Design B; and (b) a close up of the design on said garment. The following is a side-by-side comparison of Plaintiff's Design B and the design affixed to the subject garment bearing the unauthorized reproduction:

|      **Design B**      |      **Garment**      |
| :--------------------: | :-------------------: |
|    |   |

6

26. Attached hereto as Exhibit "10," collectively, are true and correct copies of: (a) a photographic image of one of the garments manufactured and/or sold by Defendants containing an unauthorized reproduction of Design C; and (b) a close up of the design on said garment. For the Court's convenience, the following is a side-by-side comparison of Plaintiff's Design C and the design affixed to the subject garment bearing the unauthorized reproduction:

| Design C | Garment |
|---|---|

 

27. Attached hereto as Exhibit "11," collectively, are true and correct copies of: (a) a photographic image of one of the garments manufactured and/or sold by Defendants containing an unauthorized reproduction of Design D; and (b) a close up of the design on said garment. For the Court's convenience, the following is a side-by-side comparison of Plaintiff's Design D and the design affixed to the subject garment bearing the unauthorized reproduction:

/ / /
/ / /
/ / /
/ / /
/ / /

599838.1

7

| Design D | Garment |
|---|---|
|  |  |

28. On or around March 17, 2017, Fabric Selection sent cease and desist letter to Zulily regarding Design A, and to Zulily and Moderato regarding Design B; and on May 18, 2017, sent cease and desist letters to Zulily and Yanagi regarding Design B. All such letters demanded that these Defendants immediately discontinue their unauthorized importation, manufacture, sale and distribution of the Infringing Goods, and requesting that it provide certain information regarding its manufacture and sale of the Infringing Goods.

29. By Defendants' knowingly unauthorized licensing, importing, manufacturing, advertising, offering for sale and/or sale of the Infringing Goods, Defendants have infringed on Plaintiff's Copyrights in the Designs.

30. Plaintiff is without adequate remedy at law to prevent the wrongful acts of Defendants herein set forth, and said acts of Defendants have resulted and will result in irreparable damage to Plaintiff unless Defendants' acts of infringement are enjoined by this Court.

31. Defendants' intentional infringing activities have continued and will continue to the detriment of Plaintiff, and loss and injury to Plaintiff's business in an amount not presently ascertainable, and threaten to increase such loss and injury

unless such activities are enjoined by this Court and Defendants are required to recall and destroy all Infringing Goods.

32. By reason of the acts of Defendants alleged herein, Plaintiff has suffered actual damages in an amount subject to proof at trial.

33. Due to Defendants' acts of copyright infringement, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of the Designs. Pursuant to the Copyright Act, Plaintiff is entitled to disgorgement of Defendants' profits attributable to Defendants' infringement of the Designs in an amount subject to proof at trial. Plaintiff is further entitled to recover its lost profits by virtue of Defendants' acts of infringement, which are subject to proof at trial.

34. Plaintiff is informed and believes, and based thereon alleges, that Defendants' acts of infringement as alleged herein were willful and deliberate. Zulily in particular has infringed Plaintiff's copyrights on multiple occasions and has been sued for copyright infringement more than thirty times in the last four years, further confirming that its infringement is intentional or, at the very least, reckless in that Zulily fails to take steps sufficient to ensure that it is not acquiring and selling goods which infringe upon the copyrights of others. Accordingly, in the event that Plaintiff elects statutory damages, Defendants, and each of them, are subject to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) for each violation, payable jointly and severally by each Defendant, in the full amount. In the event that any of the Doe Defendants are additional retailers, Plaintiff is entitled to, and will seek, a separate award of maximum statutory damages as to each such additional Defendant's infringement.

/ / /

/ / /

/ / /

## SECOND CLAIM FOR RELIEF

### (Contributory Copyright Infringement – Against All Defendants)

35. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 34 hereinabove, and incorporates them by reference as if fully set forth herein.

36. Plaintiff is informed and believes, and based thereon alleges, that Defendants, and each of them, knowingly induced, participated in, aided in, and profited from the illegal reproduction of Plaintiff's Designs and/or subsequent importing, advertising and/or sale of the Infringing Goods, as alleged above.

37. By Defendants' unauthorized duplication of the Designs, and by their offering and accepting for sale, importing, advertising and/or sale of the Infringing Goods, Defendants, and each of them, have infringed Plaintiff's Copyrights in the Designs.

38. Plaintiff is informed and believes, and based thereon alleges, that Defendants' acts of infringement as alleged herein were willful and deliberate.

39. By reason of Defendants' acts of contributory copyright infringement as alleged herein, Plaintiff is without adequate remedy at law to prevent the wrongful acts of Defendants herein set forth, and said acts of Defendants have resulted and will result in irreparable damage to Plaintiff unless Defendants' acts of infringement are enjoined by this Court.

40. Defendants' infringing activities have continued and will continue to the detriment of Plaintiff and loss and injury to Plaintiff's business in an amount not presently ascertainable, and threaten to increase such loss and injury unless such activities are enjoined by this Court and Defendants are required to recall and destroy all Infringing Goods and designs.

41. By reason of the acts of Defendants alleged herein, Plaintiff has suffered actual damages in an amount subject to proof at trial.

42. Due to Defendants' acts of contributory copyright infringement,

Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of the Designs. As such, Plaintiff is entitled to disgorgement of Defendants' profits attributable to Defendants' infringement of the Designs in an amount subject to proof at trial. Plaintiff is further entitled to recover its lost profits by virtue of Defendants' acts of infringement, which are subject to proof at trial.

43. Plaintiff is informed and believes and based thereon alleges that Defendants' acts of infringement as alleged herein were willful and deliberate. Accordingly, in the event that Plaintiff elects statutory damages, Defendants, and each of them, are subject to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) for each violation, payable separately, in the full amount, by each infringing defendant.

## PRAYER

WHEREFORE, Plaintiff prays for relief against Defendants, and each of them, as follows:

As to First Cause of Action (Copyright Infringement)

1. For a preliminary injunction and a permanent injunction, restraining Defendants and their agents, servants, employees, and all persons acting under, in concert with, or for them, from using Plaintiff's Designs for any purpose, including but not limited to, use of the Designs in attempting to sell and/or selling garments.

2. For an order requiring the recall and destruction of all garments infringing upon the Designs.

3. Actual damages, plus Defendants' profits attributable to Defendants' infringement of the Design, in an amount subject to proof at trial; or, if elected, maximum statutory damages for willful infringement, as available under the Copyright Act.

4. For attorneys' fees where allowed by law.

5. For such further and other relief as the Court deems just and proper.

<u>As to Second Cause of Action (Contributory Copyright Infringement)</u>

6. For a preliminary injunction and a permanent injunction, restraining Defendants and their agents, servants, employees, and all persons acting under, in concert with, or for them, from using Plaintiff's Designs for any purpose, including but not limited to, use of the Designs in attempting to sell and/or selling garments.

7. For an order requiring the recall and destruction of all garments infringing upon the Designs.

8. Actual damages, plus Defendants' profits attributable to Defendants' contributory infringement of the Design, in an amount subject to proof at trial; or, if elected, maximum statutory damages as available under the Copyright Act.

9. For attorneys' fees where allowed by law.

10. For such further and other relief as the Court deems just and proper.

Dated: January 25, 2018         RESCH POLSTER & BERGER LLP


By: _____/S/ Michael C. Baum_____
         MICHAEL C. BAUM
Attorneys for Plaintiff Fabric Selection, Inc.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury in this action.

Dated:  January 25, 2018          RESCH POLSTER & BERGER LLP


                                  By: _____/S/ Michael C. Baum_____
                                        MICHAEL C. BAUM
                                   Attorneys for Plaintiff Fabric Selection, Inc.

13

# PROOF OF SERVICE

**Fabric Selection, Inc. v Zulily LLC, et al.**
**Case No. 2:17-cv-06102-CAS-FFM**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 1840 Century Park East, 17th Floor, Los Angeles, CA 90067.

On January 25, 2018, I served true copies of the following document(s) described as **STIPULATION RE FILING SECOND AMENDED COMPLAINT** on the interested parties in this action as follows:

| | |
|---|---|
| Morgan E. Pietz<br>mpietz@gerardfoxlaw.com<br>Timothy G. Lamoureux<br>tlamoureux@gerardfoxlaw.com<br>GERARD FOX LAW, P.C.<br>1880 Century Park East, Suite 1410<br>Los Angeles, CA 90067 | Attorneys for Defendants Zulily LLC and Buy in America, Inc. |
| S. Calvin Myung<br>scalvinmyunglaw@gmail.com<br>LAW OFFICES OF S. CALVIN MYUNG<br>3700 Wilshire Boulevard, Suite 500<br>Los Angeles, CA 90010 | Attorneys for Defendants Moderato, Inc. and Umgee U.S.A., Inc. |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 25, 2018, at Los Angeles, California.

/s/ Nazia Rahman
Nazia Rahman

599903.1

4