UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:17-cv-06102-CAS(FFMx) | Date | April 9, 2018 |
|---|---|---|---|
| Title | FABRIC SELECTION, INC. V. ZULILY LLC, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Andrew Jablon | Morgan Pietz |
| Michael Baum | Samuel Brooks |

**Proceedings:** DEFENDANT FIRMIANA'S MOTION TO ENFORCE SETTLEMENT AND FOR SANCTIONS (Dkt. 80, filed March 12, 2018)

## I. INTRODUCTION

On August 17, 2017, plaintiff Fabric Selection, Inc. ("Fabric Selection") filed this copyright infringement action against Zulily, LLC ("Zulily") and several other co-defendants. Dkt. 1. Fabric Selection filed a First Amended Complaint on September 12, 2017, which added infringement claims with respect to certain garments that Zulily had purchased from Firmiana Fashion, Inc. ("Firmiana"). Dkt. 13. Zulily tendered the claims to Firmiana for indemnity, and Fabric Selection subsequently added Firmiana as a defendant when it filed the operative Second Amended Complaint on January 26, 2018. Dkt. 55 ("SAC"). Counsel for Firmiana, Samuel G. Brooks ("Brooks"), entered into settlement negotiations with counsel for Fabric Selection, including Andrew Jablon ("Jablon").

On March 12, 2018, Firmiana filed the instant motion to enforce a settlement agreement that Brooks and Jablon negotiated via email and for sanctions against Jablon based on his alleged misconduct during settlement negotiations. Dkt. 80 ("Mot.").[1] On March 19, 2018, Fabric Selection filed an opposition, dkt. 85 ("Opp'n"); and Firmiana filed a reply on March 23, 2018, dkt. 89 ("Reply"). The Court held a hearing on April 9,

---

[1] On March 14, 2018, the Court granted Firmiana's *ex parte* application for an order extending the time to respond to discovery during the pendency of the instant motion but denied Firmiana's request to hear the motion on shortened notice. Dkt. 84.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:17-cv-06102-CAS(FFMx) | Date | April 9, 2018 |
|---|---|---|---|
| Title | FABRIC SELECTION, INC. V. ZULILY LLC, ET AL. | | |

2018. Having carefully considered the parties arguments, the Court finds and concludes as follows.

## II. BACKGROUND

The parties have submitted declarations by counsel with supporting exhibits. See dkt. 80-2, Declaration of Samuel G. Brooks ("Brooks Decl."); dkt. 85 Declaration of Andrew Jablon ("Jablon Decl."). Both declarations focus on a series of emails exchanged between counsel between February 21 and March 8, 2018. See Brooks Decl., Ex. 5.

On February 21, Brooks served an offer of judgment for $750 pursuant to Rule 68 of the Federal Rules of Civil Procedure on behalf of Firmiana. Id. at 8. In his email to counsel for Fabric Selection, Brooks noted that if the offer of judgment is not accepted, "Firmiana is still open to discussing a settlement that would involve a release of both Firmiana and Zulily with respect to the garments supplied by Firmiana." Id. at 9.

On February 27, Jablon emailed Brooks recounting that Fabric Selection had made a settlement demand of $40,000 in December 2017 to which Firmiana countered at $1,000. Id. at 7. Jablon recalls that Brooks subsequently served the Rule 68 offer and asked whether counsel for Fabric Selection would be willing to negotiate in the $1,000 to $9,000 range. Id. Jablon declined, noting that Fabric Selection previously settled with three other defendants at amounts ranging between $22,000 and $29,500. Id. Jablon then stated: "I have been authorized to reduce our demand to $30,000. This would include a release for Firmiana and Zulily for the disclosed units. This offer will remain open until the close of business on March 6, 2018, after which it will expire by its own terms." Id.

On March 1, Brooks emailed Jablon rejecting the offer but stating that he did have "authorization to increase Firmiana's offer for a release of it and Zulily to $7500." Id. at 6. To bolster Firmiana's bargaining position, Brooks indicated his awareness of certain facts that would "likely result in the invalidation of [Fabric Selection's copyright] registration," but that "[i]n any event, Firmiana is willing to negotiate a reasonable settlement in lieu of pursuing an order invalidating your client's copyright." Id.

On March 5, at 3:44 p.m., Jablon responded via email stating, "[t]his confirms our call just now where I reduced our demand from $30K to $25K." Id. at 5–6. At 3:47 p.m., Brooks responded: "As we discussed, I have authority to increase Firmiana's offer from $7500 to $10,000. The offer provides for a release of Firmiana and Zulily with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-06102-CAS(FFMx) | Date | April 9, 2018 |
| Title | FABRIC SELECTION, INC. V. ZULILY LLC, ET AL. | | |

respect to the garments supplied by Firmiana, without any admission by either side regarding any party's allegations." Id. at 5. At 4:05 p.m., Jablon responded that he is "authorized to lower the demand from $25K to $24K," noting that the matter would not be settled without substantial movement from Firmiana. Id.

On Wednesday, March 7 at 10:45 a.m., Brooks sent an email indicating that he was authorized to increase Firmiana's offer to $14,000 if Fabric Selection reduced its offer to $20,000. Id. at 4–5. At 11:16 a.m., Jablon responded, in pertinent part: "Last Best Final is $20,000. . . . This offer will remain open until the close of business on Friday, after which it will expire by its own terms and any future settlement will be significantly higher." Id.

On March 8 at 3:21 p.m., Brooks responded: "The offer is accepted, written agreement attached." Id. at 4. The five-page written agreement included a release for Firmiana and Zulily for the disclosed units of the accused products described in Paragraph 3 of the agreement. Jablon Decl., Ex. I at 28. The agreement further states "that nothing contained herein shall be construed as an admission of liability or wrongdoing by or behalf of any Party, all of which liability is expressly denied." Id., Ex. I at 26. In addition, the agreement included a paragraph entitled "Recital A" stating: "Fabric Selection is the claimant for a registered copyright for work entitled 'ADELPHA COLLETION 2015,' Registration Number VAu 1-234-154 . . . . [but] Firmiana denies that the registration . . . is valid, and also denies that Fabric Selection owns a valid copyright for the Design." Jablon Decl., Ex. I at 26.

On March 8 at 4:49 p.m., Jablon replied to the email and attached a revised version of the agreement, stating: "We are not having this debate again. If your client wants to settle, it needs to acknowledge our client's copyright and not infringe going forward." Brooks Decl., Ex. 5 at 3. The revised agreement deleted the previously mentioned recital and added the following provisions:

> 4.4 Firmiana agrees that it shall not challenge the originality or validity of, or Plaintiff's sole and exclusive ownership rights in the Design and/or the U.S. Copyright rights therein, or the validity of Copyright Reg. Nos. VAu 1-234-154. Further, Firmiana agrees that it shall not, in the future, manufacture, acquire, or sell goods that infringe upon the Design.

> 5.2 The above release is not intended to and shall not apply to any of the other defendants in the Action, or to any other product giving rise to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-06102-CAS(FFMx) | Date | April 9, 2018 |
| Title | FABRIC SELECTION, INC. V. ZULILY LLC, ET AL. | | |

potential claims in the Action, other than the 80 units of Accused Garments, described in Paragraph 3.2 above. The herein release shall not release Zulily from liability in the Action other than with respect to the specific units of Accused Garments described in Paragraph 3.2 above, and as such, among other things, does not release Zulily from liability for its sale of garments infringing the Design acquired from vendors other than Firmiana or sale of any other designs at issue in the Action.

5.5 Firmiana agrees that this release shall be of no force or effect unless its representations found in Section 3.2 are true and correct.

Id., Ex. 3 at 1–5.

On March 9 at 9:04 a.m., Brooks sent an email objecting to Jablon's edits as new terms, indicating that the parties had already agreed, through their email exchange "for a payment by Firmiana of $20,000 in exchange for a release of Firmiana and Zulily with respect to the garments supplied by Firmiana, without any admission by either side regarding any party's allegations." Id., Ex. 5 at 3. Brooks stated that he had "no problem" with the clarification that the release does not extend to claims relating to other products, but objected to Jablon's changes to Recital A, language in paragraph 5.2 suggesting that Firmiana admits that Zulily has sold other infringing garments, and the newly added paragraphs 4.4 and 5.5. Id.

On March 9 at 9:13 a.m., Jablon replied: "I never accepted those terms and we were just negotiating the monetary component . . . . Have your client sign the version I sent, or we will just litigate." Id. At 9:46 a.m., Brooks responded that Jablon cannot "make a settlement offer and then add new terms after the offer is accepted." Id. at 2. Brooks stated his intention to file a motion to enforce the settlement. Jablon replied at 10:40 a.m. stating: "[B]ased on your email, it is clear that your client has refused our settlement offer as reflected in our revised draft agreement. Accordingly, it is withdrawn." Id. Jablon then increased the settlement demand to $25,000. Id. This motion followed.

### III. LEGAL STANDARD

"It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it. However, the district court may enforce

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-06102-CAS(FFMx) | Date | April 9, 2018 |
| Title | FABRIC SELECTION, INC. V. ZULILY LLC, ET AL. | | |

only complete settlement agreements." Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (citations omitted). "A settlement agreement, like any other contract, is unenforceable if the parties fail to agree on a material term or if a material term is not reasonably certain." Lindsay v. Lewandowski, 139 Cal. App. 4th 1618, 1622 (2006). However, "the defense of uncertainty is disfavored, and the court should enforce an agreement if it appears the parties intended to enter into a contract and the outlines of the agreement are sufficiently definite that the court knows what is to be enforced." Inamed Com. v. Kuzmak, 275 F. Supp. 2d 1100, 1120 (C.D. Cal. 2002), aff'd, 64 Fed.Appx. 241 (Fed. Cir. 2003). Moreover, "[w]hen parties intend that an agreement be binding, the fact that a more formal agreement must be prepared and executed does not alter the validity of the agreement." Blix St. Records, Inc. v. Cassidy, 191 Cal. App. 4th 39, 48 (2010).

## IV. DISCUSSION

The parties dispute whether a valid and enforceable settlement agreement was formed. Firmiana maintains the parties reached a complete agreement, wherein Firmiana agreed to pay Fabric Selection $20,000 in exchange for a limited release for Firmiana and Zulily without admission by either side regarding any party's allegations. Mot. at 6–7. Fabric Selection claims no contract was formed because (1) there was no meeting of the minds as to all essential terms; (2) the terms were uncertain, rendering the agreement unenforceable; and (3) there was a mutual understanding that an executed long-form agreement was a condition precedent to the formation of any contract. Opp'n at 4–5. Fabric Selection further argues that an evidentiary hearing is required. Separately, Firmiana seeks monetary sanctions against Jablon for litigation misconduct. Both parties have also filed evidentiary objections.[2] Dkts. 86, 91.

### A. The Parties Entered into a Binding Settlement Agreement

Having reviewed the exchange of emails between counsel, the Court finds that the parties manifested their intention to enter into a binding contract. From the beginning of the negotiation, Brooks stated in clear terms that Firmiana was offering to make a monetary payment in exchange for Fabric Selection's release of claims against "Firmiana and Zulily with respect to the garments supplied by Firmiana." Brooks Decl., Ex. 5 at 9. On February 27, Jablon made a settlement demand of $30,000—expressly stating that "[t]his would include a release for Firmiana and Zulily for the disclosed units." Id. at 7.

---

[2] The parties' respective objections are made to evidence that is not material to resolution of the motion and the Court therefore declines to rule on them.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-06102-CAS(FFMx) | Date | April 9, 2018 |
| Title | FABRIC SELECTION, INC. V. ZULILY LLC, ET AL. | | |

The parties proceeded to negotiate the amount of the settlement payment. On March 5, Brooks increased the amount to $10,000 and stated that the "offer provides for a release of Firmiana and Zulily with respect to the garments supplied by Firmiana, without any admission by either side regarding any party's allegations." Id. at 5. Jablon did not object to this release term as the parties continued to negotiate, nor did he make any settlement offer conditional upon any additional material terms. On March 7, Jablon made an unconditional "Last Best Final" offer to settle the case in change for a payment of $20,000, which Brooks accepted on behalf of Firmiana. Id. at 4–5.

### 1. There Was a Meeting of the Minds on All Material Terms

Fabric Selection argues that there was never a meeting of the minds on the material terms of the settlement agreement, and consequently there is no contract to enforce. Opp'n at 1. Fabric Selection argues that throughout the email exchange, the "only term being negotiated was the amount of the payment, nothing more." Id. at 4. At oral argument, Jablon stressed that because he never expressly consented to the release terms proposed by Brooks, there was no meeting of the minds. Similarly, he argues that Brooks knew from prior dealings that any settlement offer "required an acknowledgment of the Copyright *and* an agreement not to infringe going forward," and that because the parties did not agree to these additional terms, there was no mutual assent. Opp'n at 4–5. However, the existence of mutual assent "is determined under an objective standard applied to the outward manifestations or expressions of the parties, i.e., the reasonable meaning of their words and acts, and not their unexpressed intentions or understandings." Deleon v. Verizon Wireless, LLC, 207 Cal. App. 4th 800, 813 (2012) (citations omitted). "The test is whether a reasonable person would, from the conduct of the parties, conclude that there was a mutual agreement." Marin Storage & Trucking, Inc. v. Benco Contracting & Eng'g, Inc., 89 Cal. App. 4th 1042, 1050 (2001).

Here, the email exchange clearly demonstrates that the parties were negotiating the amount of the settlement payment *in consideration for* a release of claims—Jablon expressly made an offer including a release "of both Firmina and Zulily with respect to the garments supplied by Firmiana." Brooks Decl., Ex. 5 at 9. Brooks subsequently clarified that the release would cover "Firmiana and Zulily with respect to the garments supplied by Firmiana" and included a standard acknowledgement that the agreement was "without any admission by either side regarding any party's allegations." Id. at 5. By proceeding to negotiate on the settlement amount without objecting to these terms, Jablon manifested an acknowledgment that the proposed terms were acceptable. Jablon subsequently made an unconditional "Last Best Final" offer without reserving any terms

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-06102-CAS(FFMx) | Date | April 9, 2018 |
| Title | FABRIC SELECTION, INC. V. ZULILY LLC, ET AL. | | |

for future negotiation. This exchange belies the notion that the parties were solely negotiating the dollar amount. Rather, the parties clearly negotiated and agreed to straightforward settlement terms. Whether counsel knew from prior dealings that Fabric Selection had insisted on additional terms is irrelevant because "there need not be a subjective meeting of the minds; in the absence of fraud, mistake, etc. . . ., the outward manifestation or expression of consent is controlling." 1 Witkin, Summary of California Law Contracts § 116 (11th ed. 2017). Accordingly, the Court finds that the parties manifested mutual assent to the terms of the settlement.

### 2. The Contract Terms are Sufficiently Definite and Certain

Fabric Selection argues that "[a]t a bare minimum, the essential terms were uncertain or undefined, rendering the purported settlement agreement unenforceable." Opp'n at 5. However, the settlement terms are readily apparent from the email exchange between counsel: Firmiana agreed to pay Fabric Selection $20,000 in exchange for a release for Firmiana and Zulily with respect to the disclosed units of the allegedly infringing garments supplied by Firmiana, without admission by either side regarding any party's allegations. This is not a case where the contract is unenforceable because the "contract is so uncertain and indefinite that the intention of the parties in material particulars cannot be ascertained." Robinson & Wilson, Inc. v. Stone, 35 Cal. App. 3d 396, 407 (1973). To the extent there is any uncertainty regarding the scope of the release, "the *precise terms and specific language* of the release are not necessarily material. . . . courts routinely enforce settlement agreements even where the precise wording of a release has not been finalized." Trustees of the Operating Engineers Pension Tr. v. Smith-Emery Co., No. 2:09-cv-01476-CAS (AJWx), 2017 WL 275599, at *9 (C.D. Cal. Jan. 19, 2017) (quoting In re Deepwater Horizon, 786 F.3d 344, 357 (5th Cir. 2015) (emphasis in original)). Because the parties "intended to enter into a contract and the outlines of the agreement are sufficiently definite," the settlement agreement will be enforced. Inamed Com., 275 F. Supp. 2d at 1120.

### 3. A Formalized Writing Was Not a Condition Precedent

Fabric Selection contends that even if there was a meeting of the minds and the settlement terms were sufficiently definite, the parties had a mutual understanding "that any settlement required a long form agreement as a condition precedent to the formation of a contract for settlement." Opp'n at 5. Fabric Selection relies on City & Cty. of Denver v. Adolph Coors Co., 813 F. Supp. 1476 (D. Colo. 1993), in which the district court noted:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-06102-CAS(FFMx) | Date | April 9, 2018 |
| Title | FABRIC SELECTION, INC. V. ZULILY LLC, ET AL. | | |

> [T]he party arguing that the parties intended not to be bound until the execution of a formal writing has the burden of proving either that both parties understood they were not to be bound until the executed contract was delivered, or that the other party should have known that the disclaiming party did not intend to be bound before the contract was signed.

Id. at 1481 (internal quotation marks and citations omitted). Fabric Selection argues that Firmiana's inclusion of a draft agreement in the email accepting the offer "clearly indicates the mutual understanding that a long form agreement was required." Opp'n at 5. However, nothing in the email exchange between counsel suggests that the parties understood that a long-form agreement was necessary. The fact that Brooks emailed a draft agreement memorializing the settlement does not, in and of itself, demonstrate that the execution of a written document was required. Accordingly, the Court finds that Fabric Selection has not met its burden of proving that a formalized writing was a necessary condition of the parties' settlement.

For these reasons, the Court **GRANTS** Firmiana's motion to enforce the settlement agreement.

### B. No Evidentiary Hearing is Required

"Where material facts concerning the existence or terms of an agreement to settle are in dispute, the parties must be allowed an evidentiary hearing." Callie, 829 F.2d at 890. Fabric Selection argues that a hearing is necessary to determine (1) whether the parties entered into a binding settlement agreement and (2) whether the terms of the agreement require Firmiana to agree never to challenge its copyright and not to infringe the copyright in the future. Opp'n at 6. However, the Court finds that the present record is sufficient to determine these issues as a matter of law, and accordingly no evidentiary hearing is necessary. See Calcor Space Facility, Inc. v. McDonnell Douglas Corp., 5 Fed. App'x. 787, 789 (9th Cir. 2001) (evidentiary hearing not required where contract enforceability turns upon objective factors and no party disputes evidence presented in declarations).

### C. Sanctions Are Not Warranted

In addition, Firmiana seeks monetary sanctions against Jablon for his alleged bad faith conduct during these settlement negotiations. Mot. at 7–10. In particular, Firmiana seeks an order directing Jablon to pay approximately $8,400 to $8,800 in attorneys' fees incurred by Firmiana in connection with bringing this motion. Reply at 9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:17-cv-06102-CAS(FFMx) | Date | April 9, 2018 |
| Title | FABRIC SELECTION, INC. V. ZULILY LLC, ET AL. | | |

The Court has "inherent authority to impose sanctions for bad faith, which includes a broad range of willful improper conduct." Fink v. Gomez, 239 F.3d 989, 992 (9th Cir. 2001). Sanctions pursuant to the Court's inherent authority "are available for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." Id. at 994. However, these sanctions are only available "if the court specifically finds bad faith or conduct tantamount to bad faith." Id. The Court may assess attorneys' fees pursuant to its inherent power when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Chambers v. NASCO, Inc., 501 U.S. 32, 45–46 (1991) (internal quotation marks and citations omitted). "Because of their very potency, inherent powers must be exercised with restraint and discretion." Id. at 44.

Firmiana argues that the "only explanation" for Jablon's actions is they were aimed at pressuring Firmiana to pay a greater amount to settle the case than the parties had already agreed. Mot. at 8. Firmiana alleges that Jablon has engaged in similar conduct in two prior cases. See Brooks Decl. ¶¶ 12–13. In response, Fabric Selection argues that no sanctions are necessary or appropriate because its legal position was supported by law, and the only error in this case was that Fabric Selection did not expressly reject Firmiana's release terms. Opp'n at 6–7. Although the Court disagrees with Fabric Selection as to whether a contract was formed and the content of its terms, counsel's legal position is not frivolous. Moreover, the Court concludes that the available evidence regarding Jablon's conduct does not support a finding of bad faith. Accordingly, the Court **DENIES** Firmiana's motion for sanctions.

## V. CONCLUSION

In accordance with the foregoing, defendant Firmiana's motion is **GRANTED** in part and **DENIED** in part. Specifically, the Court **GRANTS** the motion to enforce the settlement agreement but **DENIES** the motion for sanctions.

IT IS SO ORDERED.

| | 00 | : | 19 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |